IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **FOUR BATONS WIRELESS, LLC**,<br><br>    Plaintiff,<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD.,**<br>**SAMSUNG ELECTRONICS AMERICA,**<br>**INC.,**<br><br>    Defendants. | Case No. 2:24-cv-284-JRG-RSP |

**DEFENDANTS' RESPONSIVE SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARDS ON *INTER PARTES* REVIEW DISCLAIMER........................... 1

III. FOUR BATONS DISCLAIMED SCOPE OF FOUR PATENT CLAIM TERMS ........... 1

    A.    "wherein said key binding blob is a string that is constructed from static parameters advertised from [an] authenticator" ('671 patent, claims 1, 6) .............1

    B.    "cryptographically bind[ing] access network parameters to a [] key [] without [] needing to carry [the] parameters in [] authentication methods" ('671 patent, claims 1, 6)........................................................................................................2

    C.    "connect to at least one target network" ('348 patent, claim 1)...............................4

    D.    "switch between one or more of the following modes of operation QoS enhancement through multiple address mode, network discovery mode, energy saving mode, and chat with devices mode" ('436 patent, claim 19) .......................7

IV. CONCLUSION............................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017)..................................................................................1, 2, 8

*Biogen Idec, Inc. v. GlaxoSmithKline LLC*,
   713 F.3d 1090 (Fed. Cir. 2013)............................................................................................6

*CUPP Computing AS v. Trend Micro Inc.*,
   53 F.4th 1376 (Fed. Cir. 2022) ............................................................................................1

*Fenner Invs., Ltd. v. Cellco P'ship*,
   778 F.3d 1320 (Fed. Cir. 2015).........................................................................................4, 6

*Greenliant Sys., Inc. v. XICOR LLC*,
   692 F. 3d 1261 (Fed. Cir. 2012).......................................................................................1, 6

*R2 Sols. LLC v. Databricks, Inc.*,
   2024 WL 5058965 (E.D. Tex. Dec. 10, 2024)..................................................................7, 8

*Seachange Int'l, Inc. v. C-COR, Inc.*,
   413 F.3d 1361 (Fed. Cir. 2005)............................................................................................1

*Tech. Props. Ltd. LLC v. Huawei Techs. Co.*,
   849 F.3d 1349 (Fed. Cir. 2017).................................................................................2, 6, 8

**TABLE OF EXHIBITS**

| Exhibit/Docket No. | Description | Shorthand Used in this Memorandum |
|---|---|---|
| **Ex. 1 / Dkt. 98-2** | U.S. Patent No. 8,239,671 | '671 patent |
| **Ex. 2 / Dkt. 98-3** | U.S. Patent No. 7,502,348 | '348 patent |
| **Ex. 3 / Dkt. 98-4** | U.S. Patent No. 8,073,436 | '436 patent |
| **Ex. 4 / Dkt. 98-5** | Declaration of Dr. Martin J. Feuerstein | Decl. Feuerstein |
| **Ex. 5 / Dkt. 98-6** | '671 patent Patent Owner Preliminary Response (POPR) in IPR2025-00495 | '671 patent POPR |
| **Ex. 6 / Dkt. 98-7** | '348 patent Patent Owner Preliminary Response (POPR) in IPR2025-00493 | '348 patent POPR |
| **Ex. 7 / Dkt. 98-8** | '436 patent Patent Owner Preliminary Response (POPR) in IPR2025-00494 | '436 patent POPR |
| **A** | '671 patent Petition for *Inter Partes* Review (Petition) in IPR2025-00495 | '671 patent Petition |
| **B** | U.S. Patent No. 7,787,627 | Sood |

## I.  INTRODUCTION

Four Batons filed Patent Owner Preliminary Responses ("POPRs") in response to Samsung's petitions for *inter partes* review ("IPR") of the patents-in-suit in which it made clear disclaimers about claim scope to attempt to distinguish prior art. Under Federal Circuit precedent, the claims of the patents-in-suit should be construed consistent with Four Batons' IPR disclaimers.

## II.  LEGAL STANDARDS ON *INTER PARTES* REVIEW DISCLAIMER

A patent owner can disavow the scope of a claim term during an IPR through either amendment or argument. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding can be relied on to support a finding of prosecution disclaimer during claim construction."). This includes "statements made by a patent owner during an IPR proceeding, whether before or after an institution decision." *Id.* at 1362; *see also CUPP Computing AS v. Trend Micro Inc.*, 53 F.4th 1376, 1383 (Fed. Cir. 2022). Prosecution disclaimer may be found even if the Board does not rely on the patent owner's statements. *Greenliant Sys., Inc. v. XICOR LLC*, 692 F. 3d 1261, 1271 (Fed. Cir. 2012); *Seachange Int'l, Inc. v. C-COR, Inc.*, 413 F.3d 1361, 1374 (Fed. Cir. 2005).

## III.  FOUR BATONS DISCLAIMED SCOPE OF FOUR PATENT CLAIM TERMS

### A.  "wherein said key binding blob is a string that is constructed from static parameters advertised from [an] authenticator" ('671 patent, claims 1, 6)

| Four Batons' Construction | Samsung's Construction |
|---|---|
| Plain and ordinary meaning | wherein said key binding blob is a string that is constructed only from static parameters advertised from [an/said extensible authentication protocol] authenticator |

In the '671 patent POPR, Four Batons argued that the claim requires the key binding blob to be constructed **only** from static parameters advertised from an authenticator. Four Batons recognized that "the Petition maps the claimed 'key binding blob' to Sood's concatenation of four parameters…." '671 patent POPR at 37. Despite suggesting it did (Dkt. 98, at 3), Four Batons did

1

not contest whether the first and second parameters are static parameters advertised from an authenticator. '671 patent POPR at 37-38 ("Yet the Petition only explains why two of those four parameters are 'static parameters advertised from [an] authenticator,' as required by the '671 claims."). Instead, Four Batons argued the cited art, *Sood*, fell short because the third and fourth parameters are not static parameters advertised from an authenticator "as per the '671 claims":

> Petitioners never address why the third and fourth parameters in Sood's alleged 'key binding blob' . . . are 'static parameters advertised from [an] authenticator,' as per the '671 claims. This failure dooms the Petition . . . .

*Id.* at 38 (internal citation omitted); *see also id.* at 39-40 (explaining why the third and fourth parameters cannot be static parameters advertised by an authenticator). This alleged shortcoming "dooms the Petition" only if the claim requires the key binding blob to be constructed **only** from static parameters advertised from the authenticator, as Samsung's construction reflects.

By telling the USPTO that it is insufficient for merely some of the parameters used to construct the key binding blob to be static parameters advertised by an authenticator while other parameters are not, Four Batons clearly and unmistakably disclaimed an interpretation of this term that permits the key binding blob to be constructed from anything less than **only** static parameters advertised from an authenticator. *Aylus Networks*, 856 F.3d at 1359; *Tech. Props. Ltd. LLC v. Huawei Techs. Co.*, 849 F.3d 1349, 1359 (Fed. Cir. 2017) ("we hold patentees to the actual arguments made, not the arguments that could have been made"). Put differently, Four Batons' clear and unmistakable statements regarding the parameters that make up *Sood*'s key binding blob constitute disclaimer of claim scope, as reflected in Samsung's construction.

B. **"cryptographically bind[ing] access network parameters to a [] key [] without [] needing to carry [the] parameters in [] authentication methods" ('671 patent, claims 1, 6)**

| Four Batons' Construction | Samsung's Construction |
|---|---|
| Plain and ordinary meaning | cryptographically binding all access network parameters to a key without needing to carry the parameters in any authentication methods |

2

In the '671 patent POPR, Four Batons disavowed claim scope for the "cryptographically binding" limitation through its arguments related to the cited art. As context, Samsung's Petition relied on *Sood*'s Pairwise Transient Key or PTK, which is cryptographically bound to access network parameters R0KH-ID, R1KH-ID, and BSSID. '671 patent Petition at 21-23. The Petition explained that these network parameters are advertised by beacon, and are therefore not carried in authentication methods. *Id.* at 22-23. Four Batons did not contest whether *Sood*'s PTK is cryptographically bound to access network parameters R0KH-ID, R1KH-ID, and BSSID, and all but admitted that these parameters are advertised by beacon and, therefore, are not carried in an authenticator-supplicant protocol. '671 patent POPR at 25 (acknowledging that "Sood advertises certain parameters via a pre-authentication beacon"). Despite its failure to contest whether *Sood*'s PTK and access network parameters meet the limitation, Four Batons suggested **other** parameters used in **other** authentication protocols render *Sood* deficient. '671 patent POPR at 25.

Indeed, Four Batons' POPR glossed over *Sood*'s PTK, R0KH-ID, R1KH-ID, and BSSID and instead focused exclusively on the PTK derivation algorithm in the 802.11i standard which purportedly uses the "'AA' MAC Address of the Authenticator" access network parameter. Four Batons argued that this different key (the 802.11i PTK) constructed from different parameters (the "AA" MAC address) carried in a different authenticator-supplicant protocol (the "four-way handshake") "violates the '671 independent claims, which recite 'cryptographically bind[ing] access network parameters to a [] key [] without [] needing to carry [the] parameters in [] authentication methods.'" *Id.* at 28. *Sood* neither references nor discloses the 802.11i PTK derivation algorithm that Four Batons relied on, the "four-way handshake" allegedly taught in the 802.11i standard, or the "AA" MAC address of the authenticator. *See generally* Ex. B (Sood).

Four Batons attempted to bridge the gap between *Sood* and the 802.11i standard by

3

suggesting *Sood* is "steeped in the 802.11 WLAN standard" and therefore would have included "the authentication methods colloquially known as the 'four-way handshake" taught in 802.11i. '671 patent POPR at 26. In other words, Four Batons ignored *Sood*'s disclosed PTK and access network parameters and argued *Sood* implicitly includes the 802.11i PTK bound to the "AA" MAC address that is carried in the 802.11i "four-way handshake." And because, as Four Batons argued, *Sood* includes this second key bound to this second set of access network parameters carried within the second authenticator-supplicant protocol, it fails to teach the claimed limitation.

In making this argument, Four Batons clearly and unmistakably told the PTAB that the independent claims require cryptographically binding **all** access network parameters (including secondary access network parameters such as the "AA" MAC address)[1] to a key (including secondary keys such as the 802.11i PTK) without needing to carry the parameters in **any** authentication methods (including secondary authenticator-supplicant protocols like the 802.11i "four-way handshake"). Put differently, Four Batons' clear and unmistakable statements regarding *Sood*'s shortcomings constitute disclaimer of claim scope as reflected in Samsung's construction.

C.  "connect to at least one target network" ('348 patent, claim 1)

| Four Batons' Construction | Samsung's Construction |
|---|---|
| Plain and ordinary meaning | establish the necessary connection or association with a target network to the extent that the mobile can receive IP-layer and/or high layer advertisement messages |

In the '348 patent POPR, Four Batons disclaimed scope by arguing a specific construction of this term, citing the '348 patent specification, and then attempting to distinguish the prior art, *Hsu*, on the basis of that construction. Specifically, Four Batons argued that "'connect[ing] to at

---

[1] Four Batons argues "dependent claims 3 and 4 suggest embodiments" that undermine the notion that **all** access network parameters are bound to a key. Dkt. 98 at 4. But the Federal Circuit has long held that claim differentiation "cannot . . . relieve any claim of limitations imposed by the prosecution history." *Fenner Invs., Ltd. v. Cellco P'ship*, 778 F.3d 1320, 1327 (Fed. Cir. 2015).

4

least one target network' as claimed would entail establishing a connection which can 'receive IP-layer and/or higher layer advertisement messages.'" '348 patent POPR at 13. In support, it cited the specification:

> In this disclosure, the terminology "connected to a target network" refers to the establishment of the necessary connection or association with a target network <u>to the extent that the mobile can receive IP-layer and/or high layer advertisement messages</u>. Once connected to a target network, the mobile can perform a range of actions during the silent period that need to be done during an actual handoff.

'348 patent POPR at 13 (annotated by Four Batons) (citing '348 patent, 8:42-48). Four Batons now argues that it was not defining claim scope. But it did just that in the POPR "Claim Construction" section by "address[ing] the interpretation of certain terms in light of the '348 Patent specification, including 'connecting to a target network' below." '348 patent POPR at 10.

Based on its proffered construction, Four Batons' attempted to distinguish the prior art. The '348 patent Petition asserted that "[a] POSITA would also have understood *Hsu*'s mobile station tuning away from the cellular network to scan for WLAN coverage to comprise the mobile station temporarily connecting to the WLAN," but Four Batons said "that assertion is unsupported by *Hsu* and does not comport with the scope of 'connect[ing] to at least one target network' in light of the '348 Patent specification." '348 patent POPR at 14 (quoting Pet. at 14). Thus, argued Four Batons, "[s]imply scanning to see if there are any networks available as taught by Hsu could not constitute connecting to a network as alleged in the Petition." *Id.* According to Four Batons, "IP layer messages are received at a higher layer than the level 2 data link layer, and therefore the scanning that Petitioner relies on could not teach or render obvious the claimed temporary connection (which involves the ability to 'receive IP-layer and/or higher layer advertisement messages.')." *Id.* at 15 (citing '348 patent, 1:35-2:22 (noting IP-layer is Layer-3)).

5

Four Batons' disclaimer is clear and unmistakable because it characterized *Hsu* as scanning for available networks **at the level 2 data link layer**, distinguishing it by clarifying that the claimed connection can "receive IP-Layer and/or higher layer advertisement messages." '348 patent POPR at 14-15; *Tech. Props.*, 849 F.3d at 1359-60 (finding "statements made to overcome Magar [reference] were clear and unmistakable"). Four Batons' latest argument that its POPR statements "were aimed at distinguishing a specific prior art reference—rather than defining the scope of the claim term" rings hollow. It was clearly doing both. And it does not matter whether the Board adopted Four Batons' argument since "the sole question is whether the argument was made." *Greenliant Sys.*, 692 F. 3d at 1271. Samsung's construction mirrors Four Batons' disclaiming statements and its '348 patent specification support.

Four Batons' other arguments lack merit. It argues that Samsung's construction "has no basis in the claims," noting that dependent claims 3, 4 and 6 illustrate how Samsung's proposal for claim 1 is too restrictive. Dkt. 98 at 5, n.2. But claim differentiation does not help Four Batons because, as a matter of law, "prosecution history disclaimer can overcome the presumption of claim differentiation." *Biogen Idec, Inc. v. GlaxoSmithKline LLC*, 713 F.3d 1090, 1097 (Fed. Cir. 2013); *see also Fenner Invs.*, 778 F.3d at 1327. Four Batons also argues that Samsung's proposal somehow "excludes embodiments," such as "IP address acquisition or authentication." Dkt. 98 at 5-6. But those are elements of dependent claim 6. '348 patent, 16:48-53. Samsung's proposal for claim 1 does not exclude those embodiments. Lastly, Four Batons says that Samsung's construction risks misleading the jury by limiting "connecting" to a single activity—"receipt of high-layer advertisement messages." Dkt. 98 at 6. Samsung's construction does no such thing, and instead, merely requires "establish[ing] the necessary connection or association with a target network **to the extent that**" it can receive IP-layer and/or high layer advertisement messages.

6

**D.   "switch between one or more of the following modes of operation QoS enhancement through multiple address mode, network discovery mode, energy saving mode, and chat with devices mode" ('436 patent, claim 19)**

| Four Batons' Construction | Samsung's Construction |
|---|---|
| Plain and ordinary meaning | switch from a QoS enhancement through multiple address mode, network discovery mode, energy saving mode, or chat with devices mode to one or more of a QoS enhancement through multiple address mode, network discovery mode, energy saving mode, and chat with devices mode |

In the '436 patent POPR, Four Batons disclaimed scope by expressly stating what this limitation "require[s]," citing the '436 patent specification and its expert's declaration, and then attempting to distinguish the asserted prior art, *Bahl*, on the basis of that construction.

Claim 19 recites "switch[ing] between" one or more of the following modes of operation: (i) QoS enhancement through multiple address mode; (ii) network discovery mode; (iii) energy saving mode; and (iv) chat with devices mode. '436 patent at claim 19. For infringement, Four Batons broadly asserts that a "POSITA would understand 'switch between' to encompass transitions from one to any of the listed modes in any direction or sequence." Dkt. 98 at 7. For instance, it argues that "a device could transition from a default mode (e.g., initialization state) into the 'energy saving mode' or 'network discovery mode,' and then later switch again." *Id.* at 7-8.

However, to preserve validity before the PTO, Four Batons disclaimed this broad interpretation, stating that claim 19 "require[s] switching **between** one or more of the recited modes, not merely switching to one of those modes from another unspecified mode." '436 patent POPR at 22 (emphasis in original); *R2 Sols. LLC v. Databricks, Inc.*, 2024 WL 5058965, at *12 (E.D. Tex. Dec. 10, 2024) ("Claims may not be construed one way in order to obtain their allowance and in a different way against accused infringers."). Four Batons characterized Samsung's art, *Bahl*, as disclosing only "switching into an energy conservation made based on the needs of the application." *Id.* at 24. This, according to Four Batons, "is not what the claim recites"

7

because the "actual" claim language "requires '**switch[ing] between** one or more of the [] modes of operation. It is not enough to simply show entering a single recited mode of operation as Petitioner purports to have done—that fails to satisfy the plain language of the claim which requires switching between modes (i.e., from one mode to another mode)." *Id.* at 25 (cleaned up).

In arguing for a narrower claim scope in an effort to distinguish *Bahl* as not disclosing what the claim "requires," Four Batons statements constitute a clear and unmistakable disclaimer. *Aylus Networks*, 856 F.3d at 1363 ("Aylus's repeated statements that claims 2 and 21 'require that ... only the control point proxy logic[ ] be invoked,' [] and that 'only 'the CPP is invoked,' [] represent an unequivocal and unambiguous disavowal."); '436 patent POPR at 22 ("[T]he claims require switching between one or more of the recited modes, not merely switching to one of those modes from another unspecified mode."); *Tech. Props. Ltd.*, 849 F.3d at 1359-60.

Four Batons' latest argument that its POPR statements were merely "contrasting the claim's requirement of switching 'between' modes to the prior art reference's switching 'into' a mode" is inapposite and contradicts Four Batons' own arguments before this Court. In fact, Four Batons concedes that there is no meaningful distinction between switching from one mode to another mode and switching between modes. Dkt. 98 at 7-8 (arguing here that a POSITA would understand this limitation to include a scenario where a device "transition[s] *from* a default mode (e.g., initialization state) *into* the 'energy saving mode' or 'network discovery mode' and then later switch again."). Moreover, to the extent that Four Batons is suggesting that statements to the patent office cannot constitute disclaimer where it distinguishes only a single prior art reference, that too is without merit. Courts have routinely found disclaimer under that scenario. *See, e.g.*, *Tech. Props. Ltd.*, 849 F.3d at 1359-60; *R2 Sols. LLC*, 2024 WL 5058965, at *13.

## IV. CONCLUSION

Samsung requests the Court adopt its constructions reflecting Four Batons' disclaimers.

| | |
|---|---|
| Dated: August 11, 2025 | Respectfully submitted,<br><br>*/s/ Melissa R. Smith*<br>Patrick C. Reidy<br>patrick.reidy@arnoldporter.com<br>Brian E. Haan (Admitted *Pro Hac Vice*)<br>brian.haan@arnoldporter.com<br>**Arnold & Porter Kaye Scholer LLP**<br>70 West Madison Street, Suite 4200<br>Chicago, IL  60602<br>Telephone: (312) 583-2300<br>Facsimile: (312) 583-2360<br><br>Jin-Suk Park<br>jin.park@arnoldporter.com<br>Ali R. Sharifahmadian<br>ali.sharifahmadian@arnoldporter.com<br>**Arnold & Porter Kaye Scholer LLP**<br>601 Massachusetts Ave., NW<br>Washington, DC  20001-3743<br>Telephone: (202) 942-5000<br>Facsimile: (202) 942-5555<br><br>Stephen Seungkun Cha-Kim<br>stephen.cha-kim@arnoldporter.com<br>**Arnold & Porter Kaye Scholer LLP**<br>250 West 55th Street<br>New York, NY  10019<br>Telephone: (212) 836-7270<br>(Admitted *Pro Hac Vice*)<br><br>Melissa R. Smith<br>State Bar No. 24001351<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: melissa@gillamsmithlaw.com<br><br>***Attorneys for Defendants***<br>***Samsung Electronics Company, Ltd., and***<br>***Samsung Electronics America, Inc.*** |

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 11, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Melissa R. Smith*
_____
Melissa R. Smith