# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| **FOUR BATONS WIRELESS, LLC,** | |
| **Plaintiff**, | |
| **v.** | **Case No. 2:24-cv-284-JRG-RSP** |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,** | ▬▬▬▬▬▬▬▬▬ |
| **Defendants**. | |

## SAMSUNG'S MOTION FOR SUMMARY JUDGMENT FOR LACK OF STANDING AND LICENSE

**Page**

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................................... 1

II.     STATEMENT OF UNDISPUTED MATERIAL FACTS ........................................... 2

    A.      The Asserted Patents & Accused Products ..................................................... 2

    B.      The Ownership History Of The Asserted Patents ........................................... 3

    C.      The ███████████████████████████ ................................ 3

    D.      The █████████████████████████████████
        █████████████████████ ........................................................ 4

    E.      The ██████████████████████████ ....................................... 7

    F.      The 2021 Samsung-Ericsson Patent License Agreement ................................ 8

III.    STATEMENT OF ISSUES TO BE DECIDED ........................................................ 9

IV.     LEGAL STANDARD ............................................................................................... 9

    A.      Summary judgment ......................................................................................... 9

    B.      All Co-Owners Are Necessary To Maintain Patent Infringement Suits ........ 9

    C.      Patent Licenses ............................................................................................. 10

    D.      Contract Interpretation (New York Law) ..................................................... 10

V.      ARGUMENT .......................................................................................................... 11

    A.      Four Batons Is Not The Sole Owner Of The Asserted Patents ..................... 11

        1.      Four Batons Cannot Show That Legacy Inc. Obtained Ownership
            Of The Asserted Patents ................................................................... 12

        2.      ████████████████████████████
            ████████████████████, Making It Null ............. 14

    B.      Samsung is Licensed To The Asserted Patents Via The ████████
        ██████████ .................................................................................... 15

        1.      The ████████████ is Clear and Unambiguous ..................... 15

        2.      The Asserted Patents Were ████████████ During The
            Term of the ███████████ .................................................... 16

        3.      The Accused Products ████████████ ................................. 17

    C.      Samsung is Licensed To The Asserted Patents Via The 2021 Ericsson
        Agreement ..................................................................................................... 18

i

## TABLE OF CONTENTS
(continued)

**Page**

VI.     CONCLUSION ............................................................................................................... 19

# TABLE OF AUTHORITIES

**Page**

## CASES

*AntennaSys, Inc. v. AQYR Techs., Inc.*, 976 F.3d 1374 (Fed. Cir. 2020)........................................ 9

*Best Med. Int'l, Inc. v. Elekta AB*, No. CV 18-1600 (MN), 2019 WL 3304686 (D. Del. July 23, 2019).................................................................................................. 14

*Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872 (Fed. Cir. 1995)............................................................................................................ 10

*DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284 (Fed. Cir. 2008) ............................................................................................................ 10

*Ellington v. EMI Music, Inc.*, 24 N.Y.3d 239 (2014) ........................................................ 10, 15

*Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267 (E.D. Tex. Nov. 6, 2018) ............................................................ 9

*Israel Bio-Engineering Project v. Amgen Inc.*, 475 F.3d 1256 (Fed. Cir. 2005)........................... 9

*MHL TEK, LLC v. Nissan Motor Co.*, 655 F.3d 1266 (Fed. Cir. 2011) ...................................... 10

*Schron v. Troutman Sanders LLP*, 986 N.E.2d 430 (N.Y. 2013) .......................................... 10, 15

*Spindelfabrik Suessen- Schurr, Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075 (Fed. Cir. 1987) .................................. 10

*STC.UNM v. Intel Corp.*, 754 F.3d 940 (Fed. Cir. 2014...................................................... 9

*U.S. Bank Nat. Ass'n v. Mask*, 30 N.Y.S.3d 713 (Sup. Ct. 2016)................................................ 10

## STATUTES

8 Del. C. § 251(c)…………………………………………………………………………14
8 Del. C. § 259…………………………………………………………………………14

## I.    INTRODUCTION

Plaintiff Four Batons Wireless, LLC ("Four Batons") cannot maintain this action. In analyzing ██████████████████████████████████████████████████████ after the close of fact discovery (and only in face of a motion to compel), Samsung has learned that Four Batons' alleged chain of title in the Asserted Patents is broken. To establish that chain, Four Batons must account for a transfer in ownership between two prior alleged assignees, Telcordia Technologies, Inc. ("Technologies Inc.") and Telcordia Legacy, Inc. ("Legacy Inc."). To do so, Four Batons would have to show that ████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ████████████████. But the ████████████████████████████████████████████ ██████████████████—fatally undermine that claim, as they show that █████████████████ ████████████████████████████████████████ As explained below, ████████████ ███████ prompted further scrutiny revealing that █████████████████████████████████ ████████████████████████████████████████████████. As a result, Four Batons cannot show that ███████████████████████████████████████. Four Batons therefore cannot establish that it is the sole owner of the Asserted Patents or that all co-owners are before the Court, and its failure to join the missing co-owner(s) is fatal to its standing to maintain this suit.

Even if Four Batons could overcome this fatal defect, which it cannot, Samsung would be entitled to summary judgment that it is licensed for the entire alleged damages period in this case. ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████



██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████. The accused products ████████████

████████ and ████████████████████████████. Moreover, the revelation from the

recently produced ████████████ that ownership rights in the Asserted Patents ████████

████████████████ would mean that Samsung is licensed under a ████████ 2021 Ericsson

Patent License Agreement.

Accordingly, the Court should grant Samsung's motion for summary judgment and enter

judgment in Samsung's favor and dismiss this case.

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.    The Asserted Patents & Accused Products

1.      Four Batons alleges direct and indirect infringement of U.S. Patent No. 7,502,348

("the '348 Patent"), U.S. Patent No. 8,073,436 ("the '436 Patent"), U.S. Patent No. 8,798,006 ("the

'006 Patent"), and U.S. Patent No. 8,935,671 ("the '671 Patent") (collectively, the "Asserted

Patents").

2.      Four Batons and its expert, Dr. Matthew Shoemake, accuse certain Samsung

smartphones and tablets of infringement. Ex. 1 (First Corrected Expert Report of Dr. Matthew

Shoemake, "Shoemake Rep.") ¶ 94 ('348 Accused Products), ¶¶ 359-360 (the '006 Accused

Products), ¶¶ 669-670 (the '436 Accused Products).[1]

3.      All Accused Products ████████████████ and ████████████████. Ex. 2

---

[1] All exhibits are attached to the Declaration of Patrick Reidy in Support of Samsung's Motion

for Summary Judgment submitted concurrently herewith.

(Rebuttal Expert Report of Dr. Kevin Almeroth, "Almeroth Rep.") ¶110; Ex. 3 (Rough Transcript of Dr. Shoemake's Deposition, "Shoemake Dep. Tr.") at 195:2-7.

4.       The Accused Products are Samsung-branded and ready to be used by an end user once sold (e.g., they are not a component or stand-alone software). Shoemake Rep. ¶¶ 56, 94, 360, 669, 1065 (identifying the "Samsung products" as the Accused Products).

**B.       The Ownership History Of The Asserted Patents**

5.       The '348 Patent was originally assigned jointly to Toshiba America Research, Inc. ("TARI") and "Telcordia, Inc."[2] (Dkt. 1 ¶ 100.)

6.       Each of the '436, '006, and '671 Patents were originally assigned jointly to TARI and Technologies Inc. (Dkt. 1 ¶¶ 28, 59, 129.)

7.       In 2011-2012, Ericsson acquired Technologies Inc. *See* Ex. 11 (https://www.sec.gov/Archives/edgar/data/717826/000119312513145407/d497354d20f.htm (last visited Nov. 28, 2025) at pp. 247, 261.)

8.       On June 16, 2015, Legacy Inc. was formed. Ex. 4.

**C.**       ███████████████████████████████

9.       ██████████████████████████████████

███████████████████. Ex. 5. ██████

██████████████████████████████████████

██████████████████████████████████████

---

[2] As far as Samsung has been able to ascertain, there is no entity called "Telcordia, Inc.," and the reference was meant to be to ███████████. In any event, as discussed below, ███████

███████████████████████████████████.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████

**D.**    ████████████████████████████████████████████
████████████████████████

10.    On December 30, 2019, Legacy Inc. merged into Ericsson Inc., Ericsson's U.S. subsidiary and affiliate. Ex. 4.

11.    In an agreement bearing the date October 14, 2020, Legacy Inc. purported to assign each of the Asserted Patents to TARI. (Dkt. 1 ¶¶ 29, 60, 101, 130.); Ex. 6 (the "Legacy-TARI Agreement"). TARI signed the agreement in December 2020. *Id*.

12.    On September 22, 2025, after the close of fact discovery, ████████████ ████████████████████████ Samsung first subpoenaed Toshiba ████████ ████, and Toshiba belatedly made this production in late September only after forcing Samsung to file a cross-motion to compel in the Central District of California, which was about to heard when ████████████████. *See* Case No. 8:25-mc-0020 (C.D. Cal.).

13.    ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

███████

██████████████████████████████████

██████████████████████████████████

██████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████

██████████████████████████████████

████████████

██████████████████████

Ex. 7 at TAI002236-37.

14.    ████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████████████████████████

████████

*Id*. at TAI002236.

15.    █████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

*Id*. at TAI002235.

16.    █████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████

6

*Id.* at TAI002609.

17.     TARI signed the Legacy-TARI Agreement in December 2020. Ex. 6.

18.     On June 11, 2021, TARI purported to assign each of the Asserted Patents to Four Batons. (Dkt. 1 ¶¶ 30, 61, 102, 131.)

19.     ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

**E.**     ████████████████████████████

20.     ████████████████████████████████████████

████████████████████████████████ Ex. 9.

21.     ████████████████████████████████████████

████████████████████████ .

22.     ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

23.     ████████████████████████████████████████

████████████████████████████████████████████████████████

███████

24.    ██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████.

25.    ███████████████████████████████████████████████

**F.    The 2021 Samsung-Ericsson Patent License Agreement**

26.    In January 2021, SEC and Ericsson entered into a Patent License Agreement ("2021 Ericsson Agreement"). *See* https://www.ericsson.com/en/press-releases/2021/5/ericsson-and-samsung-sign-global-patent-license-agreement (last visited Nov. 28, 2025).

27.    The contents of the 2021 Ericsson Agreement ████████████████████████ ███████. As explained below, the relevance of this Agreement to Four Batons' claims became apparent only after review of ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

28.    In any event, Four Batons been aware of the 2021 Ericsson Agreement since at least its August 2022 pre-suit correspondence with Samsung, which Four Batons appended to its complaint. (Dkt. 1-5, Ex. E., at 23) (Four Batons' counsel acknowledging that "[i]n May 2021, Ericsson and Samsung publicly announced a global patent license agreement"). Indeed, the Four Batons' counsel stated that he had been in contact with Four Batons about the matter, and the Samsung official suggested in response that Four Batons counsel directly ask Ericsson about the agreement. (*Id*.)

8

## III.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether Four Batons can maintain this suit when Four Batons cannot show that it is the sole owner of the Asserted Patents and has not joined the co-owner(s) of the Asserted Patents.

2.    Whether Samsung is licensed to the Asserted Patents by operation of ██████ █████████████.

3.    Whether Samsung is licensed to the Asserted Patents by operation of the 2021 Samsung-Ericsson PLA.

## IV.    LEGAL STANDARD

### A.    Summary judgment

Summary judgment should be granted if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  "If the moving party does not have the ultimate burden of persuasion at trial, the party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (internal quotation omitted).

### B.    All Co-Owners Are Necessary To Maintain Patent Infringement Suits

"Where one co-owner possesses an undivided part of the entire patent, that joint owner must join all the other co-owners to establish standing. . . . Absent the voluntary joinder of all co-owners of a patent, a co-owner acting alone will lack standing." *Israel Bio-Engineering Project v. Amgen Inc.*, 475 F.3d 1256, 1264 (Fed. Cir. 2005). A plaintiff's failure to join a co-owner forestalls the plaintiff's "ability to satisfy the statutory prerequisites for bringing an infringement suit." *AntennaSys, Inc. v. AQYR Techs., Inc.*, 976 F.3d 1374, 1378–79 (Fed. Cir. 2020). Further, "a nonconsenting co-owner or coinventor can never be involuntarily joined in an infringement action

9

. . . because 'the right of a patent co-owner to impede an infringement suit brought by another co-owner is a substantive right.'" *Id*. at 1378 (citing *STC.UNM v. Intel Corp.*, 754 F.3d 940, 946 (Fed. Cir. 2014)). "The party bringing the action has the burden of establishing that it has standing to sue for infringement." *MHL TEK, LLC v. Nissan Motor Co.*, 655 F.3d 1266, 1274 (Fed. Cir. 2011). The issue of standing is one for the Court, not the jury. *See DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1291 (Fed. Cir. 2008).

### C.    Patent Licenses

 "A patent grants its owner the right to exclude others from making, using, or selling the patented invention. However, all or part of the right to exclude may be waived by granting a license, which may be express or implied." *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995) (internal citations omitted). "[A] patent license agreement is in essence nothing more than a promise by the licensor not to sue the licensee" and "can be written to convey different scopes of promises not to sue, *e.g.*, a promise not to sue under a specific patent, or more broadly, a promise not to sue under any patent the licensor now has or may acquire in the future." *Spindelfabrik Suessen-Schurr, Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1081 (Fed. Cir. 1987).

### D.    Contract Interpretation (New York Law)

Under New York law, a contract must be construed in accordance with the parties' intent. *Schron v. Troutman Sanders LLP*, 986 N.E.2d 430, 433 (N.Y. 2013). To determine the parties' intent, the court first looks to the terms of the agreement. *Id*. ("The best evidence of what parties to a written agreement intend is what they say in their writing."); *U.S. Bank Nat. Ass'n v. Mask*, 30 N.Y.S.3d 713, 715 (Sup. Ct. 2016) ("The court's fundamental objective in interpreting a contract is to determine the parties' intent from the language they have employed."). "A written

agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms." *Schron*, 986 N.E.2d at 433; *see also Ellington v. EMI Music, Inc.*, 24 N.Y.3d 239, 244 (2014) ("Where the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole.").

## V.    ARGUMENT

### A.    Four Batons Is Not The Sole Owner Of The Asserted Patents

The diagram below illustrates the chain of title that the assignment records that Four Batons has produced bear out, with the arrows representing purported transfer of ownership rights in the Asserted Patents. There is no dispute about the assignments from the named inventors to the original assignees (aside from the fact that "Telcordia, Inc." does not appear to exist). Although Four Batons relies on Legacy Inc.'s purported assignment of the Asserted Patents to TARI, and TARI's subsequent transfer to Four Batons, there is no admissible evidence in the record that can establish this chain, as is Four Batons' burden to do.



There are at least two alternative reasons why Four Batons cannot show that it is the sole owner of the Asserted Patents. ***First***, there is a break in the chain of title between Technologies

Inc. on the one hand (or in the case of the '348 Patent, the non-existent "Telcordia, Inc."), and Legacy Inc. on the other.  This alone is fatal to Four Batons' ability to maintain suit.   ***Second***, even if Four Batons could somehow overcome this defect, Legacy Inc. merged into Ericsson Inc. in December 2019 — ████████████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████

1.      **Four Batons Cannot Show That Legacy Inc. Obtained Ownership Of The Asserted Patents**

There is no record of any assignment of the Asserted Patents from Technologies Inc. (an original assignee of the '348, '436, or '671 patents) or a "Telcordia Inc." (an original assignee of the '348 Patent) to Legacy Inc.

Samsung served an interrogatory on Four Batons requesting that Four Batons "[d]etail the ownership and assignment history of each of the Patents-in-Suit, including but not limited to a description of the factual circumstances surrounding the establishment or extinguishment of all such rights in the Patents-in-Suit and an identification of all agreements or other instruments (by Bates number) that establish or extinguish such rights." Ex. 10. The substantive portion of Four Batons' response is copied below. Given what is now known about the chain of title through ██ ████████████████████████, Four Batons' omission of ██████████████ rights in the patents, and of any mention of Legacy Inc.'s merger with Ericsson is conspicuous:

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████

*Id*. Four Batons' response also referenced the records on file at the USPTO Assignment Database and ████████████████████████████. *Id*. Neither Four Batons' narrative response nor the cited documents show that Four Batons obtained the co-ownership rights that were assigned to Technologies Inc. (or a "Telcordia, Inc.").

To be sure, the agreement purporting to assign the patents from Legacy Inc. to TARI includes a parenthetical that states "formerly known as 'Telcordia Inc.,' 'Telcordia Technologies Inc.,' 'Telecordia Technologies, Inc.'" Ex. 6. There was no reason to question this representation until review of the recently produced ████████████.



Ex. 6 (highlighted)

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

13

███████████████████████████████████

That has been revealed to be demonstrably and conclusively untrue. ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████ In addition, although ████████████████████████████

███████████████████████████, public incorporation records contradict

that explanation, as they show that Legacy Inc. did not exist until 2015 (shortly before the above-

mentioned ██████████████).  By contrast, there is no admissible evidence showing, for

example, that Technologies Inc. or a "Telcordia, Inc." were ████████████████.  Nor

has Four Batons identified anyone in its disclosures that could make such a contention.

Simply put, Four Batons cannot raise a genuine issue of fact as to this question: the record

is uncontroverted that, ████████████████████████████████████████████

████████████████████████ — Legacy Inc. was a distinct legal

entity, and there is no admissible evidence from which a reasonable juror could find that Legacy

Inc. actually received the ownership rights from Technologies Inc. or a Telcordia, Inc.

**2.     Any Telcordia Legacy Ownership Rights Merged Into Ericsson Before ████████████████████████, Making It Null.**

Even if Four Batons were able to show that Legacy Inc. obtained ownership rights in the

Asserted Patents, which it cannot, it still cannot establish the proper chain of title.  Public records

confirm that Legacy Inc. merged into Ericsson Inc. in December 2019 under Title 8, Section 251(c)

of the Delaware General Corporation Law. Ex. 4.  Under Delaware Corporation Law, the legal

effect of that merger is that all of the assets and property of Legacy Inc. were transferred to Ericsson

Inc. and that Legacy Inc. ceased to exist as of the merger. *See* 8 Del. C. § 259; *Best Med. Int'l, Inc.*

*v. Elekta AB*, No. CV 18-1600 (MN), 2019 WL 3304686, at *3 (D. Del. July 23, 2019) ("As a

14

result of the merger, under 8 Del. C. § 259(a), all of IMPAC's assets and liabilities were transferred to Elekta Inc.") (citing *Doucot v. IDS Scheer, Inc.*, 734 F. Supp. 2d 172, 184 (D. Mass. 2010)). This is confirmed by ███████████████████████████████████████ ████████████████████. Thus, even if Four Batons were able to show that Legacy Inc. obtained ownership rights in the Asserted Patents, any such rights were transferred to Ericsson Inc. in 2019, well before the Legacy-TARI agreement was fully executed in December 2020. Ex. 6. As a result, TARI did not obtain the ownership rights that were purportedly assigned to any Telcordia entity, and TARI could not have assigned them to Four Batons.

Accordingly, because Four Batons cannot show that the co-ownership interest in the Telcordia-entity chain was ever validly transferred out nor joined Ericsson—the successor to Legacy Inc.—as a party, it cannot satisfy the Federal Circuit's requirement that all co-owners be joined to infringement actions.

**B.** ████████████████████████████████████████████ ███████████████████

Even if Four Batons could somehow create a triable issue of fact around the chain of title, which it cannot, Samsung is entitled to summary judgment on the basis of the ██████████████ ████████████████.

**1.** ███████████████████████ **is Clear and Unambiguous**

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

Under New York law, where contract language is clear and complete, courts enforce that

language according to its plain meaning. *Schron*, 986 N.E.2d at 433; *Ellington*, 24 N.Y.3d at 244.

Here, the relevant provisions of ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are straightforward and comprehensive. They leave no room for dispute that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The Court should therefore apply ▮▮▮▮▮▮▮▮▮▮▮▮ as written.

### 2.    The Asserted Patents Were ▮▮▮▮▮▮▮▮▮▮ During The Term of ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ Four Batons has repeatedly acknowledged as much. *See, e.g.*, Dkt. 1 ¶ 25 (alleging that Technologies Inc. is an affiliate of Ericsson); Dkt. 1-5, Ex. E, at 5 ("Four Batons' patents were jointly developed and originally assigned to both TARI and Telcordia, which is an affiliate of Ericsson.").

There is likewise no dispute that all the Asserted Patents issued by August 5, 2014—after ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—and that Technologies, Inc. owned the Asserted Patents, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮ Because Technologies Inc. was an Ericsson affiliate ▮▮▮▮▮▮▮, and because the Asserted Patents were owned by Technologies Inc. ▮▮▮▮▮▮▮▮▮▮ the Asserted Patents fall squarely

---

[3] Samsung does not admit that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮. Indeed, as discussed above, ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

16

within ███████████████████████████████████████████████

████████████████████████████████[4] Ex. 9 § 1.12.

Accordingly, as a matter of contract law, the Asserted Patents are within the scope of

███████ ██████ ███ █ ███ █████ ████ ███ ██ ██████ █████ █████

████████████████████████████████████████.

  3.  **The Accused Products** ███████████████████

████████████████████████████████████████████████

███████████████████████ Ex. 9 § 2.3. The record contains no genuine dispute that all

of the accused Samsung products meet this definition.

Four Batons' infringement theories themselves depend on the accused Samsung

smartphones and tablets ███████████████████████. *See* Shoemake Rep.

¶ 94, ¶¶ 359–360, ¶¶ 669–670; *see also* Almeroth Rep. ¶ 110; Shoemake Dep. Tr. at 195:2-7.

Because the Accused Products are Samsung-branded smartphones and tablets that are complete

and ready for end-user use once sold and marketed by Samsung or its Affiliates (e.g., they are not

---

[4] Even assuming '348 Patent was never owned by Technologies Inc., Four Batons apparently

asserts that it was owned by Legacy Inc., as the party that assigned it to Four Batons. There is no

dispute that ██████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████ Ex. 5. Further,

Legacy Inc. merged into Ericsson Inc., Ericsson's U.S. subsidiary and affiliate on December 31,

2019. Ex. 4. Four Batons therefore has no basis to dispute that ████████████████████

██████████████████████████.

a component or stand-alone software), ███████████████████████████████

███████████. Ex. 9 § 2.3.

There is thus no genuine dispute that the accused products fall within the scope of █████

███████████████████████████████████████████████████████

Samsung is therefore entitled to summary judgment that it held an express license to the Asserted

Patents ████████████████████ through at least ███████████████, and that no

damages may be awarded for any alleged infringement by those products before that date.

**C.**      **Samsung is Licensed To The Asserted Patents Via The 2021 Ericsson Agreement**

The recent discovery following the late-produced ██████████████████████████

████████████████████████, for the first time in this case, the 2021 Ericsson

Agreement (to the extent the Court need even reach this issue given Four Batons' inability to

establish chain of title). Because it became clear that ████████████████████████

███████████████████████████████████████████████████,

the result is that ████████████████████████████████████

████████████████████████. Moreover, even assuming arguendo

that Legacy Inc. did acquire rights in the Asserted Patents at some point, as discussed above, those

rights could not have been assigned to TARI in October 2020 when they had been merged into

Ericsson in 2019 and, as far as the record shows, where they stayed past 2020.

As a result, much like ████████████████, Samsung is licensed under the 2021

Agreement, and Four Batons cannot seek *any* damages against Samsung in this suit.  Prior to the

discovery precipitated by ███████████████████████████████████

███████████████, the 2021 Agreement had not been relevant given the October 2020 transfer

of the Asserted Patents out of the purported Telcordia-entity chain.  As such, it had not been the

subject of discovery.  As noted, following this discovery, ███████████████████████████

█████████████████████████████████████████████████████.  As also noted,

however, Four Batons in any event has been aware of the 2021 Agreement since well before it

commenced this action—in pre-suit communications, Four Batons counsel acknowledged the

existence of the 2021 Agreement and was even encouraged by Samsung to inquire with Ericsson

about it.  Accordingly, Samsung respectfully seeks leave to file the 2021 Agreement once it is able

to do so ████████████████████, along with a short discussion of its applicability to any

of Four Batons' remaining damages claims. *See Finesse Wireless, LLC v. AT&T Mobility*, LLC,

2022 WL 17875791, at *4 (E.D. Tex. Dec. 21, 2022) (permitting late disclosure of records because

party "could not have anticipated the need to produce" based on information available at time of

fact discovery and because of importance of records to "rebut [opposing party's] theory and

underlying assumptions").

## VI.    CONCLUSION

For the foregoing reasons, Samsung asks the Court to grant this Motion for Summary

Judgment and hold that (1) this case must be dismissed for failure to join all co-owners; (2) that

Samsung is licensed to the Asserted Patents through ████████████████████████████

█████████████; and (3) that Samsung is licensed to the Asserted Patents through the 2021

Ericsson Agreement, a copy of which will be filed as soon as t████████████████████████

█████████████.

19

Dated: November 28, 2025

Respectfully submitted,

By: _/s/ Melissa R. Smith_
Melissa R. Smith
State Bar No. 24001351
**Gilliam & Smith, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Email: Melissa@gillamsmithlaw.com

Patrick C. Reidy
Patrick.Reidy@arnoldporter.com
Brian E. Haan
Brian.Haan@arnoldporter.com
**Arnold & Porter Kaye Scholer LLP**
70 West Madison Street, Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2424

Amy L. DeWitt
Amy.DeWitt@arnoldporter.com
Jin-Suk Park
Jin.Park@arnoldporter.com
Ali R. Sharifahmadian
Ali.Sharifahmadian@arnoldporter.com
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000

Stephen Seungkun Cha-Kim
Stephen.Cha-Kim@arnoldporter.com
**Arnold & Porter Kaye Scholer LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-7270

*Attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

20

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

Dated:  November 28, 2025                    */s/ Melissa R. Smith*